UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES KELLY,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TIM COOK,<br><br>　　　　　　　　　　　Defendant. | Case No.: 3:23-cv-00619-JAH-BLM<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) DISMISSING PLAINTIFF'S COMPLAINT;**<br><br>**(3) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL.**<br><br>**(ECF Nos. 2, 3)** |

## INTRODUCTION

On April 6, 2023, Dolores Kelly ("Plaintiff"), proceeding *pro se*, filed a complaint alleging corruption and fraud against Tim Cook ("Defendant"). ECF No. 1. Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"), (ECF No. 2), and for appointment of counsel, (ECF No. 3). After a review of the pleadings, and for the reasons set forth below, the Court (1) **DENIES** Plaintiff's motion to proceed IFP, (2) **DISMISSES** the Complaint without prejudice, and (3) **DENIES** Plaintiff's motion for appointment of counsel.

1

# DISCUSSION

## I.  Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit, or proceeding in a United States district court, except an application for writ of *habeas corpus*, must pay filing fees totaling $402.[1] *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915(a), an action may proceed despite a plaintiff's failure to pay filing fees only if the district court grants the plaintiff IFP status. *See Andrews v. Cervantes*, 492 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Courts may grant IFP status if a plaintiff submits an affidavit, including a statement of all their assets, showing the inability to pay the statutory filing fee. *See* 28 U.S.C. § 1915(a).

Here, Plaintiff submits an incomplete affidavit in which all fields related to assets and expenses are blank. *See* ECF No. 2. The instructions require the applicant to "complete all questions." *Id*. Without a complete affidavit, the Court is unable to determine Plaintiff's ability or inability to pay the statutory filing fee. Accordingly, the Court **DENIES** Plaintiff's motion to proceed IFP.

## II.  Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

### A.  Legal Standard

A complaint filed by any person seeking leave to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and mandatory dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 575 U.S. 532, 537-38 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that ... (B)

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* U.S.C. § 1914(a) (Judicial Conference of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

the action or appeal ... (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). The standard for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. R*obertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson,* 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," she must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

To meet the requirements of Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In other words, "the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

**B.     Insufficiency of Plaintiff's Allegations**

As currently plead, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Plaintiff states generally that Defendant "and possible [sic] Jeff Bezos" engaged in "hacking and sanction or annex without legal authorization of the business owners." ECF No. 1. The Complaint is replete with incomplete phrases and sentence

fragments. *See id*. The Complaint makes only conclusory statements without any factual basis for the "court to draw a reasonable inference that defendant[s] are liable for the misconduct alleged." *Moss*, 572 F. 3d at 969. Therefore, the Court finds that the Complaint fails to satisfy Rule 12(b)(6) pleading requirements. Accordingly, the Court **DISMISSES** Plaintiff's Complaint.

**III.   Motion for Appointment of Counsel**

Generally, a plaintiff in a civil case has no right to appointed counsel. *See Hernandez v. Whiting*, 881 F.2d 768, 770-71(9th Cir. 1989); *United States v. 30.64 Acres*, 795 F.2d 796, 801 (9th Cir. 1986). A court has discretion, however, to appoint an attorney to represent "any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). A civil plaintiff who seeks appointment of counsel must make a reasonably diligent effort to obtain counsel before a court may exercise discretion under § 1915(e)(1). *Bailey v. Lawford*, 835 F.Supp. 550, 552 (S.D. Cal. 1993).

Here, Plaintiff has no viable claims, (*see supra* II.B.), and Plaintiff's affidavit in support of her motion to appoint counsel is incomplete. *See* ECF No. 3. Without a complete affidavit, the Court is unable to determine if Plaintiff made a reasonably diligent effort to obtain counsel. Accordingly, the Court **DENIES** Plaintiff's motion to appoint counsel.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a) is **DENIED**;

2. The Complaint is **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court **GRANTS** Plaintiff twenty-one (21) days leave, from the filing date of this Order, to file an amended complaint which cures the deficiencies of the pleading described herein. Plaintiff is cautioned, however, that should she choose to file an amended complaint, it must be complete by itself, comply with the Federal Rules of Civil Procedure, including Rule 8(a), and

that any claim not re-alleged will be considered waived.  *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be considered "waived if not repled."  A failure to file an amended complaint will result in dismissal of this action without further order of the Court, and;

3. Plaintiffs' motion for appointment of counsel is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 16, 2023

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE